

# THE ATTORNEY GENERAL

# OF TEXAS

GERALD C. MANN
XXXXXIIIXXXIIIXXXXXN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:                                   Attention:  Mr. H. Morris Stevens

Opinion No. O-1052
Re:  Construction of Senate Bill No. 24
by the 46th Legislature, the same
being an amendment to Article 7047c,
Revised Civil Statutes.

We are in receipt of your letter of June 27, 1939, wherein you request
our opinion in response to two questions, the first being whether the
tax levied by Senate Bill No. 24, by the 46th Legislature, being an
amendment to Article 7047e, Revised Civil Statutes, applies to renewals
of instruments executed and filed prior to the effective date of the
original Article 7047e, Revised Civil Statutes, such date being October
30, 1936, and the second of such questions being whether leins taken
by Federal Building and Loan Associations may be recorded without being
stamped.

After providing for the levy of a tax of ten cents on each $100.00 or
fraction thereof over the first $200.00 on all notes and obligation
secured by various liens which are filed or recorded in the office of
the county clerk, said act provides:

> "After the effective date of this Act, except as hereinafter
> provided, no such instrument shall be filed or recorded by
> any County Clerk in this State until there has been affixed
> to such  instrument stamps in accordance with the provisions
> of this section; providing further that should the instrument
> filed in the office of the County Clerk be security of an
> obligation that has property pledged as security in a State
> or States other than Texas, the tax shall be based upon
> the reasonable cash value of all property pledged in
> Texas in the proportion that said property in Texas
> bears to the total value of the property securing the
> obligation; and, providing further that, except as to
> renewals or extensions of accrued interest, the
> provisions of this section shall not apply to instruments
> given in renewal or extensions of instruments theretofore
> stamped under the provisions of this Act or the one

amended hereby, and shall not apply to instruments given
in the refunding of existing bonds or obligations where
the preceding instrument of security was stamped in
accordance with this Act or the one amended hereby; . . ."

It is noted that Senate Bill No. 24 says that except as provided
in such act no such instrument shall be filed without being
stamped in accordance with the provision of the Act. Exceptions are
made as to renewals of instruments theretofore stamped under the
provisions of said Senate Bill No. 24 or the one amended thereby.
However, no exception is made as to renewals or extensions of
instruments which has been recorded without being stamped. Our
affirmative answer follows to your first question.

Since we are not prepared to answer your second question at this time
and in view of your need of the above opinion, we are availing
ourselves of your suggestion that you make another request for
our opinion in response to the second question. Pertaining to
the second question we wish that you would write the county clerk who
has suggested this question and get him to advise fully the character
of the institutional "Federal Building and Loan Associations" and
also request him to ascertain the basis upon which such concerns claim
the exemption.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Glenn R. Lewis


By
    Glenn R. Lewis
    Assistant

GRL:Fl/ldw

APPROVED JULY 5, 1939
s/ W. F. Moore
By W. F. Moore (Signed)
FIRST ASSISTANT ATTORNEY GENERAL